witness; nor could it be, without rendering the rule of admission too uncertain for practice, and too limited for the investigation of truth. The error, that crept into practice, was, that of mistaking, in certain cases, bias for interest.

In this case, the witness offered was neither to gain, nor lose, by the event of the suit. The verdict, which his testimony might have affected, could never have been given in evidence for, or against him. He ought, therefore, to have been sworn, notwithstanding his supposed bias, and his credit left to the jury, with such observations, as the Court might think proper to make, to assist them in estimating it correctly.

## Humphry v. Humphry.

### In the Court below,

ABRAHAM HUMPHRY, *Plaintiff;* MARY HUMPHRY, *Defendant.*

THIS was an action of ejectment. The general issue was pleaded, and a verdict was found, and judgment rendered, for the defendant.

On the trial, the plaintiff gave in evidence a deed of the land in question from *Samuel Humphry* to himself, and his heirs, forever, dated the 18th of December, 1801. To prove her title to retain possession, the defendant offered in evidence a deed of the same land from *Samuel Humphry,* dated the 7th of May, 1801; by which, said *Samuel,* for the consideration of love, &c. gave to his three daughters, *Lois, Eunice,* and *Harriet,* and their heirs, &c.

*A deed of land by A. to B. C. and D. in fee, reserving the use of the premises during the life of the wife of A. for her benefit, on certain conditions, shall not, as to such reservation, be defeated, by a subsequent conveyance made by A.*

forever, this land, *retaining and reserving the use and improvement thereof, during the term of the natural life of his wife, Mary Humphry.* She was to take the benefit of this reserve, *on condition*, she should perform the duties of a kind parent, *in providing for, and educating the said Eunice, and Harriet*, who were minors, *till they should respectively, come to the age of twenty one years*, and pay a certain sum, when they should be married or become of age. The rest of the deed was in the usual form. It was agreed, that the two daughters, *Eunice*, and *Harriet*, were yet minors, and unmarried ; and that said *Mary* had been, and continued to be, providing for, and educating them. The plaintiff objected to the admission of this deed, because, at the time of making and delivering it, the said *Mary* was the wife of said *Samuel*, though she had since been lawfully divorced ; and, therefore, had not taken, and could not take, any title, by virtue thereof.

The deed was admitted in evidence, and a bill of exceptions filed.

*Smith*, (of Woodbury) and *Gould*, in support of the judgment, contended, that the rule of construing a deed ought to be such, that the general and particular intent may both stand ; if both cannot, the general intent ought to be regarded.

The object of the grantor, in this case, was to provide for his family, as he had it in contemplation to leave them. But, it is said, the reservation was to himself ; if that was his meaning, he surely would have said so. The deed, though inartificially drawn, gives an absolute estate to the daughters ; and a reservation for the wife was clearly designed, provided she performed the conditions.

And let it be noticed, the reservation, be it for whom it may, is not to take effect, unless the conditions be performed. The reservation, being by the husband to the wife, is void, and a mere nullity; the children, therefore, take as though there had been no reservation. It may be said, the reservation is to the husband, as trustee to the wife; but the husband cannot, in such case, be trustee for the wife.

As the plaintiff claims under a deed from *Samuel Humphry* to him, and his heirs, forever; we may show, that *Samuel Humphry* had nothing to convey,—or has conveyed nothing. Even if the *use* enured to him, he has attempted to convey an estate *in fee*, and has, therefore, forfeited his interest. The reason of this rule is not strictly feudal, as such conveyances tend to injure and expose the remainder-man.

Besides, the objections to this evidence amount only to this, that it is insufficient; it is not irrelevant, it points directly to the issue, and the jury are to determine its sufficiency.

*Ingersoll*, in reply, admitted, that a grant, by tenant for life, of a greater interest than he possesses, is, in England, a *forfeiture;* a forfeiture not to him in remainder, but to the lord. This rule of law is founded upon feudal principles, which our Superior Court have often determined were not to be recognized here. But a man may, by our common law, and agreeably to common sense, grant the interest, which he has, by a deed, in which he attempts to convey more.

What was the interest of *Samuel Humphry*, in this case, is to be collected from the *deed only.* He could

M m

not make a reservation to his wife ; and if he could, he has not used those apt words, which are necessary ; for he says, " I retain and reserve the use and improvement of this estate, during the life of my wife *Mary*." By this he must have meant, I retain and reserve it *to myself;* nor are we bound to show why the time fixed upon was during the life of his wife. But further, he says, " said *Mary* is to take the benefit of it, on condition she educate the children," &c. I retain it, but if she perform the condition, she shall have the benefit of it. That engagement to the wife being void, the reservation, then, enures to himself. It is like a covenant by A. to stand seized to the use of himself for life, remainder to his daughters ; in that case, A. is to have the use of it, during his life. Here, the grantor reserves to himself the use, as clearly as he gives the remainder to his daughters ; it is to vest in them, when he has done with it. This, then, is the conveyance of a freehold estate, to commence *in futuro*, which, by the decisions of this Court, as well as of those of Great Britain, is not to be allowed.

BY THE COURT,

The judgment was affirmed.