### SCOTT *v.* PURCELL and Others.

A purchaser of land at sheriff's sale, under a judgment against a person who had conveyed the land to defraud his creditors, stands in the place of a creditor of the fraudulent grantor, and has the same rights.

The statute against fraudulent conveyances renders the fraudulent deed void only as to creditors, leaving it valid as to the parties themselves, and as to a *bona fide* purchaser from the fraudulent grantee for a valuable consideration.

The title of such *bona fide* purchaser, acquired before a sheriff's sale of the land under a judgment against the fraudulent grantor, will be preferred to that of the purchaser at the sheriff's sale.

Land descending from the fraudulent grantee is subject, in the hands of his heir, to the claim of such purchaser at sheriff's sale.

A *feme covert* cannot alien her real estate unless her husband join with her in the deed.

APPEAL from the *Knox* Circuit Court.

DEWEY, J.—*Scott* brought a bill in equity against *Purcell,* *Myers* and *Ann* his wife, *J. Norwood,* and *N. Norwood.* The material facts of the case, appearing from the pleadings, exhibits, and depositions, are,—That *Myers,* on the 9th day of *November,* 1829, bought of *Harper* a tract of land lying in *Knox* county, took a deed of conveyance for the same, and, together with his wife, mortgaged it to *Harper,* to secure the purchase-money. On the 1st day of *December* following, *Myers,* being indebted to various persons, and among them to one *Reneau,* designing to defraud his creditors, conveyed the land to *M. Norwood,* his wife's sister, who participated in the fraud and paid no consideration. In 1833, *M. Norwood* died, leaving her brothers *J. Norwood* and *N. Norwood,* and her sister *A. Myers,* three of the defendants, her heirs at law. At the *March* term, 1832, of the *Knox* Circuit Court, *Reneau* obtained a judgment for his debt against *Myers.* In 1835, *Myers* and his wife sold and conveyed one undivided third part of the land (it being his wife's share as one of the heirs of *M. Norwood*) to *Hebberd* and *Burtch,* who were purchasers for a valuable consideration, without notice of the fraud practised by *Myers* and *M. Norwood.* *Hebberd* and *Burtch* conveyed this third part, on the 30th of *Nov.* 1837, to *Purcell,* one of the defendants, for a valuable consideration; *Purcell* having previously, on the 16th of *Nov.* 1837, purchased two undivided third parts of *J. Norwood* and *Ann Myers,* who joined in a deed of conveyance; the husband of *Ann Myers* being alive but not a party to the deed. In *October,* 1837, an execution, which issued upon *Reneau's* judgment, was levied upon the same land, which, on the 27th of *November,* 1837, was sold by the sheriff on the execution. *Scott* became the purchaser, and had a conveyance from the sheriff. *Scott* had notice of *Purcell's* prior purchase from *J. Norwood* and *Ann Myers.* Who was in possession of the premises at the time of the sheriff's sale does not appear, but soon afterwards *Purcell* was. In 1832, *Harper* assigned the mortgage, executed by *Myers* and wife to secure the payment of the original purchase-money, and the mortgage-debt, to *Scott.* The bill charges *Purcell* with notice of the fraud in the sale from *Myers* to *M. Norwood;* and *Purcell's* answer

alleges that *Scott* knowing the fraud, if any existed, had in various ways so far sanctioned and supported that sale as fair and valid, previous to *Purcell's* purchase, as to deprive him of all right to question the title of the latter. But we do not view the evidence as sufficient to take from either *Scott* or *Purcell* the character of a *bona fide* purchaser for a valuable consideration. The prayer of the bill was, that the deed from *Myers* to *M. Norwood* might be decreed to be fraudulent and void, and for general relief.

The Court decreed that the bill be dismissed as to the two-thirds of the land held by *Purcell;* and that as to the other third, (that held by *N. Norwood* as one of the heirs of *M. Norwood,*) the deed from *Myers* to *M. Norwood* was fraudulent and void. Both parties appeal to this Court.

*Scott,* being a purchaser under *Reneau's* judgment, stands in the place of a creditor of *Myers,* the fraudulent grantor, and is entitled to all the rights and privileges growing out of that relation. *Hildreth* v. *Sands,* 2 Johns. C. R. 35.—*Sands* v. *Hildreth,* 14 Johns. R. 493.—*Ridgeway* v. *Underwood,* 4 Wash. C. C. R. 129. Our statute, respecting conveyances made to defraud creditors, has been viewed, repeatedly, by this Court as being on a footing with the act of 13 Eliz. ch. 5, and as rendering the deed void only as to creditors, leaving it valid as between the parties themselves, and as to a *bona fide* purchaser, for a valuable consideration, of the fraudulent grantee. *Findley* v. *Cooley,* 1 Blackf. 262.—*Dugan* v. *Vattier,* 3 *id.* 245.

The difficulty in this case lies in determining whether the right of *Scott,* as the representative of a creditor of the fraudulent grantor, has been asserted in season to defeat the title of *Purcell* derived from two of the heirs of the fraudulent grantee. *Purcell's* title originated between the date of *Reneau's* judgment and the sheriff's sale to *Scott.* Did *Scott's* title commence at the latter period, or is it by relation to begin at the time of rendering the judgment? A judgment by our law is a lien on the real estate of the debtor; and had *Myers* held the land in controversy when *Reneau's* judgment was rendered, it would, undoubtedly, have defeated any subsequent conveyance by him to a stranger. But prior to the rendition of this judgment, *Myers* had parted with his title;

Nov. Term,
1843.

SCOTT
v.
PURCELL.

it had vested in M. Norwood, although the conveyance was fraudulent, and liable to be set aside by the claim of a creditor, if preferred against her. The judgment against Myers, however, could not be constructive notice of that claim to a purchaser of M. Norwood or her heirs; nor could it impart to him a knowledge of the taint in her title. To consider the lien of a judgment against a debtor, who had fraudulently conveyed his land, as binding upon it in the hands of the grantee, though conusant of the fraud, would result in the defeat of the title of a fair purchaser from that grantee, for a valuable consideration. Such a result would be equally incompatible with the established construction of the statute against fraudulent conveyances, and the well settled doctrine of the common law.

Our opinion is, that the title of a purchaser at sheriff's sale, under a judgment against such a fraudulent debtor, can derive no strength from any lien arising from the judgment; that it dates only from the sale; and that it must yield to the older title of a *bona fide* purchaser for a valuable consideration, who derives his claim from the fraudulent grantee or his heirs. This view of the subject is in accordance with a decision made on much deliberation by the Court of Errors in New York. *Anderson* v. *Roberts*, 18 Johns. R. 515.—See also *Manhattan Co.* v. *Evertson*, 6 Paige, 457.

We have laid no stress upon the conveyance made by *Ann Myers* jointly with *J. Norwood* to *Purcell.* Being a married woman, she could not alien her real estate without joining in a deed with her husband. But the title of *Purcell* to two-thirds of the premises in dispute is valid, by his purchase of one-third from *J. Norwood*, and of the other third from *Hebberd* and *Burtch* who held immediately under *Myers* and his wife.

The title of *Scott* must prevail as to the share of *N. Norwood*, being one-third of the land sold at the sheriff's sale. This share descended to him from the fraudulent grantee; and he took it subject to the claim of the creditors of her grantor, or of a purchaser under a judgment of a creditor.

The Circuit Court committed no error in the decree which they rendered.

It should be remarked, that no notice was taken in the de-

cree of the mortgage given by *Myers* and wife to *Harper*, and by him assigned to *Scott*, and the state of the pleading justified the omission. Neither *Scott* nor *Purcell* took any more than an equity of redemption by their respective purchases, for that was the only interest possessed by *Myers* in the premises. He had parted with the legal estate by giving the mortgage. We do not consider the rights of *Scott*, whatever they may be, as the assignee of the mortgage, to be affected by the decree of the Circuit Court.

*Per Curiam.*—The decree is affirmed with costs.

*J. Whitcomb, J. Law,* and *A. T. Ellis,* for the appellant.

*S. Judah,* for the appellees.