NATHANIEL SHERMAN, *Administrator*, v. THE ESTATE OF EBENEZER DODGE, *Aplt.*

*Assets.    Statute of uses.    Construction of deed.*

The administrator of an insolvent estate is not bound to inventory and account for lands, the legal title to which was in the intestate, at the time of his decease, but the equitable title in another.

A covenant to stand seized to the use of a third person, which would be executed under the statute of Henry VIII., were that statute in force here, will be enforced by a court of equity.

The intestate, for the expressed consideration of $1,000, executed and delivered to his son, a warranty deed of certain real and personal property, with the condition that the grantor and his wife should have the use and possession of the property during their lives, the grantee to have possession at their decease and not until then. *Held*, that this was a grant of the intestate's whole estate, upon a condition subsequent that the grantee should permit the grantor and his wife to use and enjoy the property during their lives, the performance of which a court of equity would enforce.

*Held, also*—that if a life estate were regarded as excepted from the conveyance, and as remaining in the grantor, the deed would be good as an agreement to convey the use for the benefit of the wife after the grantor's death, or, as a covenant to stand seized of the premises to her use, either of which would be enforced by a court of equity.

In either case, the life estate secured, or intended to be secured to the widow, should not, after the death of the grantor, be treated as a part of his estate, except for the payment of debts existing at the time of the conveyance.

A person's choses in action would be included in a conveyance of all his personal property of every name or nature.

APPEAL by the heirs of the estate of Ebenezer Dodge from a decree of the probate court, allowing the administration account of the appellee. The appellants claimed that the administrator should be charged with either the value, or the use of certain property owned by the intestate, July 2d, 1849, which he, on that day, conveyed to his son Alexander P. Dodge, by a deed containing the usual covenants of warranty, for the expressed consideration of one thousand dollars, under the following description, and with the following condition, viz : " all the land and real estate I now own in the " town of Marshfield aforesaid, more or less, reference to all deeds " on record for a more perfect description of the premises. I also ." convey, as aforesaid, all my personal property of every name or " nature to the said A. P. Dodge, with this condition, to wit: that " I Ebenezer Dodge, and my wife Mary Dodge, shall have the " use and possession of said real estate and personal property " during our natural lives. The said A. P. Dodge to have posses- " sion of said premises and personal property at our decease, and " not until then." Alexander P. Dodge, the grantee, and Mary Dodge, the person named in the deed, were left by the intestate at his decease, in possession of all the real and personal property mentioned in the deed, and have retained possession ever since, claiming it, in their own right, under the deed. The administrator, having paid all the debts which were allowed against the estate, out of said property, made no attempt to control the residue, being advised that the said Alexander and Mary were the absolute owners of it, by virtue of said deed. The property so conveyed was inventoried as a part of the intestate's estate, and the administrator charged himself with it, in his account, at its appraised value, and credited himself with the balance not used for paying the

debts, as belonging to the said Alexander and Mary, and therefore wrongly inventoried, and this credit, though objected to by the heirs, was allowed by the probate court. The heirs claimed that the administrator should be charged with several promissory notes, held by the intestate, at the time of his conveyance to Alexander, and which subsequently passed into the hands of the said Alexander and Mary, but the probate court did not so order.

Upon the foregoing facts the county court, September Term, 1855,—POLAND, J., presiding,—decided, *pro forma*, that the decision and order of the probate court appealed from be affirmed with costs to the appellee.  Exceptions by the appellants.

*J. A. Wing* for the appellants.

E. Dodge died siezed of an estate in the farm during the life of his wife, of which the widow is entitled to dower, and the remainder descends to the heirs during the life of the widow, and the administrator should be made chargeable with the use of the same. *Gorham* v. *Daniels, et al.*, 23 Vt. 600.  *Adams* v. *Dunklee*, 19 Vt. 382.  *Hornbeck* v. *Westbrook*, 9 Johns. 74.  *More* v. *Earl of Plymouth*, 3 B. & Ald. 66.

In this case the wife is a stranger to the deed; no consideration, moved from her, and she is in no way affected by the deed.  There was no resulting trust to her created by the deed, and as the statute of uses is not in force in this state, she took nothing under the deed from her husband to A. P. Dodge.

The contract between E. Dodge and his son was simply this : A. P. Dodge was to have the farm after the death of E. Dodge and his wife, and not until then ; and on the death of E. Dodge, the wife would be enlitled to dower in the premises, and the heirs to the balance until the death of the widow.

A deed of land, to take effect at the end of a life, is valid in this state.

It was an estate that E. Dodge could have sold and conveyed, or discharged without the consent of his wife, and his conveyance would have conveyed the whole estate.

The administrator should be charged with the notes and accounts ; they were choses in action, and not personal property within the meaning of the deed.

*Merrill & Willard* for the appellee.

Deeds should be so construed as to operate according to the in
tention of the parties, if by law they may. Broom's Legal Max
ims, 273.

The intent of the parties in the case at bar, is beyond question.
It was to create an estate for life to the husband *and* wife, and sur-
vivor of them. Can this be effectuated without unsettling fixed
rules of construction. It can in New York, 20 Johns. 85. It can
in Connecticut, 16 Conn. (cited in Smith's Lead. Cas. 292.) 1
Day's Dig. 266. Similar deeds have been held to convey an
estate in Massachusetts, 4 Mass. 135 ; 7 do. 381. The reasoning of
*Adams* v. *Dunklee*, 19 Vt. 382, as the court have applied it in
*Gorham* v. *Daniels*, 23 Vt. 600, is in point in support of this con-
struction. See also 16 Vt. 309.

What objection is there to this construction? It is not a reser-
vation, in strictness of definition ; nor an exception ; and it should
not be rendered inoperative by reason of technical objections.

But if it be treated as a reservation, it should still give a life
estate to the wife ; for the reason that a reservation cannot be made
to a stranger, is because upon a bargain and sale, no legal estate
could be limited to a *third person* ; in other words, a use could not
be executed upon a use, under the statute of uses. That statute
not being in force in this state, (23 Vt. 600) the reasoning does not
apply.

The case of *Gorham* v. *Daniels*, is not an authority against this
view of the case, for in that deed no disposition was made of the
intermediate estate. In this case the *use and possession* are
expressly reserved to the grantor and his wife. The court in
*Gorham* v. *Daniels* say that in this state there is no *need* to resort
to the statute of uses, to give effect to the *intent* of parties to
deeds. Will they say at the same time that the case in which
resort is had to this statute, in other states, to carry out the *intent*
is without remedy? This would be singular and manifest in-
justice.

The opinion of the court was delivered by

REDFIELD, CH. J. The principal question in this case is,
whether the plaintiff was bound to treat the estate, real and per-

sonal, which was conveyed to A. P. Dodge, as a part of the estate of Ebenezer Dodge. It is certain there is a very considerable similarity in the deed in this case, and the one which came under consideration in *Gorham* v. *Daniels,* 23 Vt. 600. But the deeds are not by any means identical. It is not uncommon for instruments, quite as similar as these, to receive different interpretations by the same court. Here the conveyance is, in the most general and unlimited terms, of the whole estate, with what is called, in the deed, a condition; and a condition subsequent, as this is, is something to be performed by the grantee, and if it is not performed, the conveyance is thereby defeated, and becomes inoperative. In the present case, the spirit of the condition is, that the grantee shall suffer the grantor to enjoy the premises during his life, and if his wife survives him, then suffer her to enjoy the use during her life. And although these are not uses which can be executed under the statute of Henry VIII., that not being in force here, (*Gorham* v. *Daniels,*) yet a court of equity will execute them, as is said in that case, and so, clearly, the property is not to be treated as a part of the estate of the intestate, any farther than debts are concerned, which existed at the time of the conveyance.

But if we give this deed precisely the same construction which we did that in *Gorham* v. *Daniels,* and regard the life estate as an exception from the conveyance, and remaining in the grantor, the result must be the same. For the deed is certainly a good agreement to convey the use for the benefit of the wife, after the death of the grantor, or a covenant to stand seized to the use of the grantor during his life, and, if his wife survives him, to her use during her life, and the remainder to A. P. Dodge. And in all states, where the statute of uses exists, this is held such a covenant, and to create such a use as the statute executes. *Roe* v. *Tranmarr,* Willes 682, 5, 6; 2 Wilson 75; 2 Smith's Lead. Cas. 288, and notes Eng. and Am., where it fully appears that this is a trust of such a nature that, if not made operative under the statute of uses, equity will enforce it. See also the following cases, where such a contract is held as a good covenant to stand seized to uses, and operative under the statute of uses—*Ray* v. *Pierce,* 7 Mass. 381; *Humphrey* v. *Humphrey,* 1 Day 271; *Jackson, ex. dem.* v. *Swart,* 20 Johns. 85.

A covenant to stand seized to the use of another, and indeed all uses which the statute of Henry VIII. executes, are to be founded upon valuable consideration, and, without the aid of the statute, constitute trusts in favor of third persons, which a court of equity will always enforce. Of this character are all defective conveyances. As if the deed be defective, in a statutory requisite, as wanting one witness, the estate would not pass. But still it would be regarded as a sufficient contract to convey, which in this state a court of equity would enforce, and in other states would be executed under the statute of Henry VIII. And this case is nothing different in the view taken of it by the defendant's counsel. The estate was attempted to be conveyed to the use of the wife during life, after the death of the grantor. But it failed in the requisite form. But a court of equity will no doubt enforce it, according to the intention of the parties. For the grantee A. P. Dodge, who gives a valuable consideration for this conveyance, must be regarded as having a pecuniary interest to have the life estate secured to the wife ; this is such a right as he, and perhaps the wife also, may enforce in equity. It is sufficient, to secure the plaintiff from rendering an account of the avails of this property, if the equitable title is not in the estate, beyond what has already been used for paying debts.

The contract will, without difficulty, give the legal title of the personal property, and the usufruct or increase to A. P. Dodge, and the use in trust for the wife of the grantor. And being a contract under seal, this is equivalent to a contract of sale executed, or the price paid, with an agreement to have it take effect presently, when nothing remains to be done to identify the property, which is always sufficient, to pass the title as between the parties. And even a gift by deed, for valuable consideration expressed, is operative without delivery of the property.

The conveyance to A. P. Dodge of all the grantor's personal property will, we think, operate upon choses in action.

Judgment affirmed.