No. 7356.

SHARPE ET AL. *v.* DAVIS.

VOLUNTARY CONVEYANCE.—*Partition by Agreement.—Deed to Wife and Daughter of One Co-Tenant.—Suggestion and Direction of Judgment Plaintiff.—No Lien on Daughter's Interest.*—Where C. D. and H. D., owning two farms as tenants in common, agreed upon a partition giving one to H. D. and the other to E. D., the wife, and L. D., the daughter, of C. D., and, at the request and direction of N. D., the mother and a judgment creditor of C. D., the agreement was duly executed by conveyances entered of record, the one-fourth interest acquired by L. D. by direct conveyance was not burdened with the lien of the judgment against her father; but she was, at the utmost, merely the grantee in a voluntary conveyance.

SAME.—*Trusts.—Daughter Not Trustee.*—In such case, L. D. was not a trustee for her father's creditors, under section 6 of an act concerning trusts and powers, 1 R. S. 1876, p. 915.

SAME.—*Judgment Plaintiff Concluded.*—N. D., the judgment creditor, having directed the conveyance to L. D., was not in a situation to denounce as fraudulent what she had procured to be done.

SAME.—*Assignee of Judgment Plaintiff.*—In such case, the title of P. H., the holder by assignment of the sheriff's certificate of sale to N. D. on execution, was subject to the right of L. D., and such right could not be questioned by him.

SAME.—*Sheriff's Sale.*—An execution creditor who buys at his own sale can secure only such a title as his debtor had in the property, and takes it, as does his assignee after him, subject to all existing equities.

SAME.—*Notice.*—In such case, S. and Z., purchasing from P. H., were chargeable with record notice of the charater of his title and of the right of L. D., and through him acquired no title to her one-fourth.

SAME.—In such case, a conveyance by C. D., E. D. and N. D. to a trustee who conveyed to S., and their subsequent conveyance directly to S., who transferred an interest to Z., vested no title to the one-fourth deeded to L. D. by H. D. and wife.

Sharpe *et al. v.* Davis.

SAME.—A voluntary conveyance by C. D. to his daughter L. D. could not have been set aside, being valid against the grantor, his heirs and grantees with notice.

SAME.—In such case, conclusions of law that L. D. was the owner of the undivided one-fourth part of the lands and entitled to one-fourth of the rents and profits thereof from S. and Z., and that S. and Z. were equitable owners of the undivided three-fourths and entitled to a quitclaim deed from P. H. to complete their title, were correct.

SAME.—*Judgment.—Interest of Debtor.—Lien.—Sale.*—A judgment is a lien only on the interest which the debtor has in the land, and a sale upon such a judgment only conveys the interest the debtor possessed at the time the judgment became a lien.

From the Knox Circuit Court.

*J. Hanna, F. Knefler, J. C. Denny* and *W. L. Granger,* for appellants.

*L. Barbour, J H. Mellett, E. H. Bundy, T. R. Cobb, O. H. Cobb* and *P. Hosbrook,* for appellee.

ELLIOTT, J.—The trial court, upon request, found the facts specially, and stated conclusions of law thereon. The only question which this record presents is, whether the law was correctly ascertained and rightly applied to the facts stated in the special finding.

The facts exhibited by the finding are substantially as follows : Clinton and Harvey Davis acquired by devise from their father two farms, one in Henry county and the other in Knox county, the latter the property here in controversy. The brothers Clinton and Harvey agreed to make partition of the lands devised to them, and agreed that Harvey should take the Henry county farm, and Clinton that situated in Knox county. Pursuant to the agreement of partition, Clinton Davis and his wife executed to Harvey Davis a deed for the undivided one-half of the Henry county farm, and also for the undivided one-half of the Knox county farm. Harvey Davis and wife at the same time executed a deed for all of the Knox county land to Clinton's wife, Eliza, and daughter, Lottie. These deeds were executed on the 17th day of Au-

gust, 1871. The deeds to Lottie and Eliza Davis were duly recorded on the 21st day of August, 1871. Prior to the execution of these conveyances, Nancy Davis had obtained judgment against Clinton for more than nine thousand dollars, and on the 7th day of the said month of August had filed a transcript of the judgment in Knox county. Execution was issued, the land in controversy sold, and purchased by Nancy Davis, the judgment plaintiff. She received a certificate of sale from the sheriff, and this she afterward assigned to Percy Hosbrook as security for a debt. Hosbrook received a deed on this certificate in June, 1873. In May, 1875, a controversy arose between appellants and Hosbrook concerning his rights in the land, and a compromise was effected whereby Sharpe and Zimmerman agreed to pay him $4,500 for his interest in said land, and he agreed to make a deed therefor to them. Before this compromise on the 7th of May, 1873, Nancy, Clinton and Eliza Davis, mother, son and wife, conveyed the land in trust to James S. Caldwell. On the 12th day of March, 1874, the said trustee conveyed to Joseph K. Sharpe, and on the day following Nancy, Clinton and Eliza executed a deed to him. In May of the same year Sharpe conveyed by quitclaim to Zimmerman, and the latter, in October, 1874, conveyed back to Sharpe an undivided one-half of said land.

At the time the aforesaid conveyances were made from Clinton to Harvey, and from the latter to Clinton's wife and child, said Clinton Davis was largely indebted, and had not, as the finding recites, "property sufficient to enable him to pay the debts he owed, besides the amount due his mother." The deed to Clinton's wife, Eliza, and daughter, Lottie, was made at the request of Nancy Davis, and, to quote from the finding, "His, Clinton's, purpose in vesting the title in his wife and child was to comply with the wishes of his mother, and to defraud his creditors other than Nancy Davis."

Conclusions of law were stated by the court upon several points. Of these conclusions it is only necessary, however, to here refer to two, and these two are: "Lottie E. Davis is the owner of one undivided fourth part of the lands, and is entitled to recover of Sharpe and Zimmerman one-fourth of the rents and profits. Joseph K. Sharpe and Christopher Zimmerman are the equitable owners of three undivided fourths of the land, and tenants in common with Lottie E. Davis, and are entitled to a quitclaim deed from Percy Hosbrook for the land, to complete their title to their interest therein."

Sharpe and Zimmerman, the appellants, insist that they acquired a title to all of the land, and not merely to three-fourths of it. This position, it is claimed, can be supported upon two grounds: 1st. Upon the ground that the sheriff's sale, upon the execution issued on Nancy Davis' judgment, conveyed a title to all the lands. 2d. Upon the ground that title was conveyed by the deed executed by Clinton Davis.

We shall consider and dispose of the questions thus presented in the order which counsel have adopted.

At the time the transcript of the judgment obtained by Nancy Davis was filed in Knox county, Clinton Davis owned only the undivided half of the land situated in that county. The judgment was a lien on the debtor's interest therein, and on nothing more, and did not, therefore, extend beyond the one undivided half of the land. It is well settled that a judgment is a lien only on the interest which the debtor has in the land, and that a sale upon such a judgment conveys the interest the debtor possessed at the time the judgment became a lien. Clinton Davis did not, at any time, become the owner of the land conveyed to his daughter, Lottie, at his mother's request. It can not be said that the judgment fastened on the interest in the land taken by Lottie Davis, because she acquired her interest by a direct conveyance

from Harvey Davis. There is, it must be kept in mind, no claim that the undivided interest of Clinton Davis was not subject to the lien of the judgment. That is conceded. But the claim of the appellee is, that, as Lottie Davis' interest was not carved out of the undivided interest owned by her father when the lien attached, it was never subject to seizure and sale thereon.

Unless the conveyance to Lottie Davis can be deemed fraudulent as against Nancy Davis, and those claiming under her, it is clear that the title of the former must stand as against a sale made upon the judgment rendered at the suit of the said Nancy. Counsel argue that Lottie Davis holds the property conveyed to her, in trust for the benefit of the creditors of her father, and in support of this contention we are referred to section 6 of the statute of trusts, and to Perry on Trusts, 142 and 149. Neither the statute, nor the authority referred to, has any direct application to the case in hand. Nancy Davis suggested and directed that the conveyance should be made to Lottie Davis. It was made by Nancy's son in obedience to her wish. She is, therefore, not in a situation to denounce as fraudulent that which she herself procured to be done. At the time she levied her execution and bought the property she had no right to complain of the conveyance to Lottie, for it was, in reality, her own act performed through the medium of her son. According to the court's finding Nancy was not merely a passive consenting party, but an active participant in the transaction which vested title in her granddaughter. In the entire transaction Lottie and Eliza Davis were guiltless of wrong or fraud, and the former's title can not now be uprooted by the assignees of the person who directed and procured the vesting of title in her. Counsel quote from *Scott* v. *Purcell*, 7 Blackf. 66, the following: "A purchaser of land at sheriff's sale, under a judgment against a person who had conveyed the land to defraud his creditors, stands in the place of the

creditor of the fraudulent grantor, and has the same rights.'' This, we think, makes against, and not for, appellants. What they acquired, according to the doctrine of the case cited, was whatever right Nancy Davis had. This, however, is not what they claim, for they demand more than Nancy Davis by any possibility could have obtained.

Counsel refer to the familiar doctrine, that, ''If a person who has notice sells to another who has no notice and is a bona fide purchaser for a valuable consideration, the latter may protect his title, although it was affected with the equity arising from notice in the hands of the person from whom he derived it, for, otherwise, no man would be safe in any purchase.'' The application made by counsel of this doctrine is altogether erroneous. The doctrine itself is sound, but it yields appellants' cause no support. When Sharpe and Zimmerman acquired their interest in the real estate in controversy they had notice, by the record, of the title of Lottie Davis. They were not purchasers without notice. Lottie had not merely an equity, but a legal, registered title. The appellants' title came originally from a trustee, who derived his right to sell from a deed executed by Nancy, Clinton and Eliza Davis, to which Lottie Davis was not a party. It is true that Nancy, Clinton and Eliza did afterward convey to them, and it is also true that they bought of Hosbrook his interest in the land, but neither of these persons had any authority to impair the validity of Lottie's title. The title which Hosbrook acquired was in the nature of a mortgage, but even if it had been by deed it would not have cut off the rights of the appellee. As the mere assignee of the sheriff's certificate, he did not occupy, as against a person having a duly recorded deed, the position of a purchaser without notice. It is established by a uniform and unbroken line of decisions, that an execution creditor who buys at his own sale can secure only such a title as his debtor had in the property, and that he takes it subject to all existing

equities. *Way* v. *Lyon*, 3 Blackf. 76 ; *Glidewell* v. *Spaugh*, 26 Ind. 319 ; *The Monticello, etc., Co.* v. *Loughry*, 72 Ind. 562 ; *Manns* v. *The Brookville National Bank*, 73 Ind. 243. The title, therefore, which Hosbrook acquired was clearly subject to the right of Lottie Davis, because he received no more by the assignment of his certificate than his assignor had a right to transfer, and she, under the maxim *volenti non fit injuria*, had concluded herself from questioning her granddaughter's title. Hosbrook's rights were disclosed by the record when the first right of appellants to the land was acquired, and as they were disclosed by a public record, they, the appellants, were chargeable with notice of the character thereof, and were chargeable with notice of the right of the appellee, as against the lien of the judgment. *Stanley* v. *Brannon*, 6 Blackf. 193 ; *Aiken* v. *Bruen*, 21 Ind. 139. The right acquired through Hosbrook did not vest in the appellants any title to the land conveyed to Lottie Davis.

It is only necessary to say of the second ground upon which appellants place their right to defeat Lottie Davis' title, that (1) The title to the one-fourth of the land was never in Clinton, Eliza or Nancy Davis, and that no one of them, nor all combined, could convey it ; (2) That Sharpe and Zimmerman purchased with record notice of the title of Lottie Davis, and if the conveyance to her had been purely a voluntary one they could not set it aside ; (3) That, had Clinton Davis voluntarily conveyed the property to his daughter, he could not have set the conveyance aside. The rule here applicable is, that voluntary conveyances are valid as against the grantor, his heirs, and grantees with notice. It is unnecessary to refer to cases where grantor and grantee unite in a fraudulent confederation, for there is nothing in the present case to show fraud on the part of Lottie Davis. The utmost that can be said in disparagement of her rights is that she is the grantee in a voluntary conveyance.

Judgment affirmed.