Elliott, J.
— The complaint of appellants alleges that they recovered judgments against one Herman Linck, in. October, 1875, and August, 1876, amounting in the aggregate to $655.00 ; that, in September, 1876, executions were-issued on said judgments and delivered to the proper officer that the officer levied the.executions upon ten shares of capital stock of the Brookville National Bank; that the said stock was duly advertised for sale; that the officer demanded access to the books of the bank for the purpose of making sale of said stock; that his demand was met by a refusal; that John Masters and John G. Adair claimed to be the holders of mortgage liens on said stock ; that they foreclosed said liens ; and that Henry C. Kimbell claims to be the owner of said stock by purchase at a sale upon such foreclosure, and that his title is paramount to the lien of appellants’ executions.
The appellee John Masters answered in two paragraphs. The first is a general denial. The second alleges that, prior to the issuing of appellants’ executions, Herman Linck was indebted to him in the sum of $3,500; that, to secure said indebtedness, Linck executed to appellee a mortgage upon the said capital stock; that the mortgage was properly recorded on the 27th day of August, 1875 ; that, on the 29th day of April, 1876, appellee obtained judgment against Linck for the indebtedness secured by said mortgage, and a decree *245 •foreclosing said mortgage ; that the judgment and decree is unsatisfied; that he has never prevented or attempted to jirevent a sale of the equity of redemption of the said Linck in the said capital stock.
The single question presented is the sufficiency of the paragraph of the answer under immediate mention, to which a 'demurrer was overruled by the trial court.
The position of the appellants’ counsel is, that no interest in the capital stock in controversy could be transferred by way of mortgage. The broad doctrine is asserted that interest in the capital stock of banking or other corporations can only be transferred upon the books of the corporation, and in the manner prescribed by law. Starting from this assumption, the appellants reason themselves into the conclusion that no interest in such capital stock can be transferred in any other way.
Shares of stock in a corporation are personal property. Tappan v. Merchants’ National Bank, 19 Wal. 490 ; Hobbs v. Western National Bank, 9 Rep. 467, (U. S. C. C.) ; R. S. U. S. 1878, sec. 5139 ; Weyer v. Second National Bank of Franklin, 57 Ind. 198. The general rule is, that “All property, real or personal, corporeal or incorporeal, * * * rnay be the subject of mortgage.” 1 Hilliard Mortgages, 4. Herman says: “Everything which may be considered property, whether by the technical language of the law denominated real or personal property, maybe the subject of a moiTgage.” Herman Chattel Mortgages, section 36. In another ■.section of the same work, it is said that dioses in action may ’be mortgaged, and among the various kinds are enumerated stock in corporations, bank shares and shares in a public library. Herman Chattel Mortgages, section 8 ; Sherman v. Dodge, 28 Vt. 26. The stock was the subject of mortgage, and the mortgage executed to the appellee convej'ud a valid lien.
The appellee’s answer does not assert that he is the owner of the stock, but that he has a lien paramount to that, of the *246 appellants. There can be no doubt as to the right of appellants-to seize and sell Lindt’s equity of redemption; but that is not' the point in controversy here. The right asserted by-appellants is to have the lien of their executions declared to be superior to the lien of appellee’s mortgage. They claim a greater right than the law will award.
J udgment creditors have a right only to such interest as the debtor had in the property when the lien attached. The Monticello Hydraulic Co. v. Loughry, 72 Ind. 562. When the-lien of the appellants’ executions attached, Li nek, the execution debtor, had only a mere equity of redemption, and this was all the executions could reach. The decree of foreclosure did not merge the lien of the appellee’s mortgage. The decree preserved and enforced this lien. It would be rank injustice to permit judgment creditors to break the continuity of a mortgage lien by treating the judgment as merging the mortgage lien and supplanting it with a new one springing into existence Avith the decree. The great Aveight of authority is against such a doctrine. The Evansville Gas-Light Co. v. The State, ex rel., ante, p. 219 ; Teal v. Hinchman, 69 Ind. 379.
J udgment „ affirmed.