BlaCKFORD, J.
J.— Wilson and another filed a bill in chancery against White and others. The object of the bill was to have a mistake in a mortgage, which had been executed by one of the defendants to the complainants, corrected by the insertion in the mortgage of a certain tract of land which, by mistake, had been omitted, and also to secure the land so omitted from being liable to certain judgments against the mortgagor. The Circuit Court, on the bill, answers, depositions, &c., rendered a decree correcting the mistake, and freeing the land omitted in the mortgage from the lien of the judgments.
*The facts necessary to be noticed in this case are as follows: Hunt, one of the defendants, mortgaged certain lands to the complainants, in order to secure them against loss as his indorsers of a promissory note. A tract of land, intended by the parties to be included in the mortgage, was omitted by mistake. Subsequently to the mortgage, and before the bill was filed, certain creditors of Hunt obtained judgments against him; and the complainants had reason to apprehend that executions on the judgments would be levied on the land, which, by mistake, had been omitted in the mortgage. The complainants had paid the note, which was for a larger amount than the mortgaged lands and the tract omitted were worth; and Hunt was insolvent.
We think the decree is right. The Court had authority to *482 correct tbe mistake. Mitford’s Ch. Pl., 184; Gillespie v. Moon, 2 Johns. Ch. Rep., 585. And the land omitted in the mort-» gage, the .mistake being corrected, was not subject to the judgments. It is said by Judge Story, that, in all cases of mistake in written instruments, Courts of equity will interfere as between the original parties, or those claiming under them in privity, such as personal representatives, heirs, devisees, legatees, assignees, voluntary grantees, or judgment-creditors, or purchasers from them with notice of the facts. 1 Story’s Eq., 178. See, also, Burgh v. Francis, 1 Eq. Cas. Abr., 320; Taylor v. Wheeler, 2 Vernon, 564; Finch v. The Earl of Winchelsea, 1 P. Williams, 277; In the matter of Howe, 1 Paige, 125.
-B. A. Lockwood, for the plaintiffs.
G. S. Orth, for the defendants.
Fer Curiam.—The decree is affirmed, with costs.