## KING *vs.* STEVENS.

1. A defendant in ejectment, unless estopped by some act done by him, or by some relation existing between him and the plaintiff, may defeat a recovery by showing an outstanding title in a stranger.

2. A charge, therefore, which assumes that a defendant in ejectment cannot resist a recovery, unless he has shown a superior legal title in himself, is erroneous.

ERROR to the Circuit Court of Macon. Tried before the Hon. John J. Woodward.

THIS was an action of ejectment instituted by the defendant against the plaintiff in error to recover a lot or parcel of land in Macon county. It appears by the bill of exceptions that the plaintiff below to make out his title introduced the following evidence:

1. A judgment rendered in the County Court of said county on the 15th day of August 1842, in favor of Paul P. Carloss against Thomas Jennings, Jr., an execution issued thereon on the 29th August 1842, a levy and sale by the sheriff of the land in controversy on the first Monday in January 1843, and a deed from the sheriff to the lessor of the plaintiff in pursuance thereof.

2. The will of Thomas Jennings, sen'r, regularly admitted to probate, by which he devised said land to his son Thomas Jennings, jr.

3. An approved bond for said land from the Indian reservee to one James B. Carswell and Nathaniel Nuchols, dated the 5th May 1834, and approved the first November of the same year, an assignment by said Nuchols of all his interest in said bond to the said Carswell, a bond for titles executed by said Carswell to Osborn Youngblood dated in 1835, a subsequent bond for titles from said Youngblood to the said Thomas Jennings, sen'r, executed in the last mentioned year, and proved the payment of all the purchase money by said Youngblood and Jennings, sen'r, and that the latter went into possession under Youngblood's bond and retained such possession until his death.

The plaintiff also showed the possession of Thomas Jennings, jr., under the will of his father, which was proven in 1838, until 1844.

The defendant then introduced the following evidence:

1. A decree of the Orphans' Court, rendered on the 26th February 1844 and founded on the petition of said Youngblood, directing the administrators of said Carswell to make title to the petitioner in accordance with their intestate's bond.

2. A deed from Youngblood and Wife to Joseph H. Howard, dated the 14th Dec. 1844, and a deed from said Howard to defendant, dated the 3d November 1845.

The defendant offered one of the administrators of Carswell as a witness to prove the existence and execution of a deed from the administrators to Youngblood, but his testimony was excluded by the court on grounds that it is unnecessary to state, as the opinion does not bear on the question raised by the bill of exceptions on the exclusion of this testimony.

The court charged the jury that if they believed the foregoing testimony, the plaintiff was entitled to recover, unless the defendant showed a perfect chain of title from the government, and that the defendant had not shown such a chain of title, if one of the links consisted only of a bond for title. To this charge the defendant excepted and now assigns it as error.

CLOPTON, for the plaintiff.

S. WILLIAMS, for the defendant.

DARGAN, C. J.—It is not necessary to decide, as the case now stands, whether Thomas Jennings, jr., had such a title to the land in controversy, as could be sold under an execution at law; for if we were to admit that the possession of Thomas Jennings, sen'r, until his death, under his bond for titles from Osborn Youngblood, and his devise to his son Thomas Jennings, jr., gave the latter such an estate as could be sold at law, still the plaintiff is met with the fact that the evidence discloses a superior outstanding legal title in another, and there is not shown to exist any relation between the plaintiff and the defendant that would prevent the latter from insisting on such outstanding title to prevent a recovery. The principle of law is now too well settled to be controverted, that a defendant in ejectment may show an outstanding legal title in another to defeat a recovery by the plaintiff, unless the defendant is estopped from some act done by him, or from some relation existing between him

and the plaintiff that would prevent the defendant from insisting upon such outstanding title.—Jackson on the Demise of Seeley v. Morse, 16 Johns. 197; Jackson *ex dem.* Loof *v.* Harrington, 9 Cowen; Huston v. Wickersham, 8 Watts, 519.

Applying this principle of law to the case before us, the judgment must be reversed, for it is manifest that the evidence shows an outstanding title in another, superior to the title of the plaintiff. Both the plaintiff and the defendant claim under Youngblood, who derived his claim from Carswell, who derived his title from the Indian reservee. The father of Thomas Jennings, jr., held the bond of Youngblood for titles, and this was his only title. Now, whether the legal title be in the Indian reservee, Carswell's heirs, or in Youngblood, is wholly immaterial, for whether in the one or the other, it is superior at law to the title of the plaintiff, and consequently he cannot recover. But it is contended that this question was not made in the court below, and, therefore, it should not be insisted on here. The answer to this is, that the charge of the court to the jury, when applied to the evidence contained in the record, was erroneous, and we are bound to pronounce it so. The charge was, that if the plaintiff had proved a judgment against Thomas Jennings, jr., and a sale by the sheriff, and a deed from him to the plaintiff, and that Thomas Jennings, sen'r, had devised the land to his son Thos. Jennings, jr., who was in possession at the time of the levy and sale, that the plaintiff was entitled to recover, unless the defendant had shown a perfect chain of title from the government, and that such a title had not been shown by the defendant, if one of the links was a bond for titles. This charge assumes that the defendant could not resist a recovery, unless he showed a superior legal title in himself, and so the jury must have understood the court. But we have seen that the defendant may invoke the aid of a legal title outstanding in another to protect his possession, and the evidence clearly shows such an outstanding title. The court, therefore, erred in the instructions given, and the judgment must be reversed, and the cause remanded.