## DOE EX DEM. STEVENS vs. KING.

1. A plaintiff claiming under execution sale takes only the title which the defendant in the execution had; and although that may have been such a legal title as was subject to levy and sale, yet the defendant may defend by showing a superior legal title outstanding in another.
2. In ejectment, plaintiff claimed under a purchase at execution sale, and proved that the land was devised to the defendant in execution by his father, who had held possession under a bond for titles from one Y., and had paid the purchase money in full; defendant relied upon a contract for the purchase of the land from an Indian reservee, under the treaty of March 24, 1832, approved November 1, 1834, mesne conveyances from the grantees to said Y., and from him to one H. *Held :*

    That the outstanding legal title shown by defendant was superior to plaintiff's.

ERROR to the Circuit Court of Macon.

Tried before the Hon. ROBERT DOUGHERTY.

EJECTMENT by Stevens against King. It appears from the bill of exceptions, that the plaintiff relied on a deed from the sheriff, the land having been sold under execution against Thomas Jennings, Jr., on a judgment rendered in the Circuit

Court in 1832, and purchased by plaintiff. He also proved, that Thomas Jennings, Sr., went into the possession of the land in 1835, and continued in possession until his death in the spring of 1838, holding under a bond for titles from one Thomas Youngblood; that he had made payment in full of the purchase money to said Youngblood, and that he devised the land, by his last will and testament, to his son, said Thomas Jennings, Jr.; that said devisee resided on the land, and held possession under the devise for about a year, when he removed, and one Howard took possession. He further proved the value of the rents and profits of the land, and that defendant was in possession when the suit was brought.

The defendant then proved, and read to the jury, a contract for the purchase of the land by Caswell and Nuchols, from an Indian reservee, made in conformity with the provisions of the treaty of March 24, 1832, which said contract was approved by the President on November 1, 1834; also, a conveyance from said Nuchols of all his interest in the contract to Lanier and Kelly, as administrators of said Caswell; a deed from them, made under an order of the Orphans' Court, to said Youngblood, executed some time prior to December 14, 1844; and a deed from said Howard to defendant, for a portion of the premises, executed December 14, 1844.

Upon this evidence, the court charged, that the plaintiff was not entitled to recover; which charge is now assigned for error.

SEABORN WILLIAMS, for plaintiff in error:

Ejectment is to recover possession; the superior ultimate legal title is not therefore necessarily involved. 8 Ala. 264; 1 Blkfd. 133. The principle that plaintiff must recover on the strength of his own title, is in its meaning limited to this: that it must be good against the world, or against the defendant by estoppel. 6 Iredell, 159. By statute, power is given to dispose of land by last will and testament, whether it is held in fee simple, or less than fee simple. Clay's Dig. 596. One having an equity in land, may devise the same. Powell on Devises, 206; ib. 208; 15 Johnson, 343. Any interest that will descend to the heir is the subject of disposition by law.

Plaintiff claiming in ejectment, need not go further back than the will of one who died in possession. 4 Washington's C. C. Rep. 691; 1 Dallas, 68. Where estate is equitable, and disposed of by will, it gives a legal right of entry, and having once become an established legal right, it remains a legal right. 3 Dallas, 425.

The occupancy of young Jennings was legal; his title was legal; he was in possession with a paper title (the will) which was recorded, and the purchaser at sheriff's sale was not bound to go beyond that to examine into the title.

After the sale by the sheriff, young Jennings was the mere *quasi* tenant at will of Stevens, the purchaser, who could at any time have ejected Jennings. 1 Johnson, 44 and note 45. Had Stevens ejected Jennings, and taken possession, in what aspect would the title of King now stand? If Jennings were now sued instead of King, and was offering to set up the title of Youngblood or King, he must fail in his effort. 18 Johnson, 94; 2 Porter, 480.

One having no title sells land; afterwards he acquires title; it inures to his vendee's benefit, 13 Johnson, 316; and this is said to apply to sheriffs' sales. Prior possession will enable one to recover in ejectment. 7 Ala. 564; 9 Ala. 124. As to adverse possession, and the effect of deeds under such circumstances, see 2 Bailey, S. C. Rep. 321; 15 Ala. 363; 16 ib. 581; 13 ib. 222; ib. 41; 10 Ohio, 69; 7 Ala. 115; 10 ib. 249; 6 Hill, N. Y., 177; 19 Vermont, 156; 2 Pirtle's Digest, 519, 522, §§ 4, 31.

If the question of adverse possession does not arise, then Thomas Jennings the younger had such an interest in the land as was the subject of levy and sale under execution. If he had any legal title, it was subject, and Stevens, by his purchase, obtained this title. Although nothing but legal title is the subject of levy and sale under execution at law, it need not be a perfect legal title; any title or interest that is legal, is the subject of levy and sale under execution. Had young Jennings any legal title in the land, or was it purely equitable? Had he such an interest as he could maintain ejectment for? If he had, his title was to that extent legal; for, to maintain the action, a perfect legal title need not necessarily be shown.

J. E. Belser, and Clopton & Ligon, *contra:*

The principle is well settled, that a defendant in ejectment may show an outstanding legal title in another, to defeat a recovery by the plaintiff, unless the defendant is estopped from some act done by him, or from some relation existing between him and the plaintiff, that will prevent him from insisting upon such outstanding title. 16 Johns. 197; 8 Watts, 519; 18 Ala. 475.

When this case was before this court at a previous term, the court decided upon the same state of facts, at least, with no material variations, that the evidence showed an outstanding title in another, superior to the title of the plaintiff. King v. Stevens, 18 Ala. 475.

A purchaser who has made full payment, and entered into possession of lands, but who has only a bond for title, has not such a title as can be sold under execution at law. 17 Ala. 270; 13 ib. 54; ib. 362; 15 ib. 414; ib. 619; 16 ib. 604; 17 ib. 412. Hence, Thomas Jennings, Sr., had no such title as could have been sold under execution at law. His title being only equitable, he could not vest in Thomas Jennings, Jr., by his will, any other title than that which he himself possessed. 1 Smith's Leading Cases, 519, 528; 3 Johns. Ch. 308.

GOLDTHWAITE, J.—The plaintiff in error, claiming under execution sale, takes only the title which the defendant in the execution had; and although his possession may have amounted to a legal title, so as to be the subject of levy and sale, yet it is obvious, that, if a superior legal title was outstanding in another, the defendant in error, who is a stranger to the execution, may defend under it. Thomas Jennings, Jr., the defendant in the execution, held under the will of his father, and the only title of the father was the bond of Youngblood. By the approved contract, the full legal title was vested in Caswell and Nuchols, Jones & Parsons v. Inge & Mardis, 5 Porter, 327; Roper v. Bradford, 9 ib. 354; and whether it remained in them, or passed to the heirs of Caswell, and Lanier and Kelly, or was transferred so as to vest in Youngblood or Howard, is immaterial, as, in either event, the outstanding legal title would be superior to

that under which the plaintiff claims, and thus prevent him from recovering. King v. Stephens, 18 Ala. 475.

It follows, that there is no error in the charge, and the judgment is affirmed.