Jones v. Rhoads.

No. 9299.

JONES v. RHOADS.

WILL.— *Devisee.*— *Compromise.*— *Admission of Validity.* — *Estoppel.*—The mere fact that a devisee has paid all the devised lands are worth, to obtain from the heirs an admission by decree, in an action to set the will aside, that the will is a valid instrument, and binding upon the parties to the compromise agreement, does not impair the force or effect of the admission after it has been made; and, while such adjudication stands, such heirs are precluded from reasserting the invalidity of the will collaterally.

.JUDGMENT.—*Payment by Replevin Bail.*—*Execution.*—When a judgment has been paid by the replevin bail, it remains in force for his benefit, and may be proceeded upon to execution for his use.

SAME.—*Order of Court.*— Where a controversy as to the facts upon which the right of a replevin bail to execution rests is likely to arise, there is a manifest propriety in obtaining an order for execution before proceeding to enforce the judgment he has replevied, for his own use; but there is no statutory provision requiring such an order to be first obtained.

.SAME.—*Equitable Interest.*—*Priority.*—A previously acquired equitable interest in a tract of land has priority over the general lien resulting from a judgment against the holder of the legal title.

SAME.—*Replevin Bail.*—*Rights not Abridged.*—Where a replevin bail is not a party to a proceeding in which the lien of the judgment-is declared to be junior to the lien of a mortgage sued on, his remedial rights are in no manner abridged by the foreclosure proceedings.

.SAME.—*Priority of Lien.*—*Devisee.*—*Mortgage to Heirs.*—The lien of a judgment against a devisee of lands, so far as it enures to the benefit of his replevin bail, has priority over the lien of a mortgage on the devised lands, given by the devisee to the heirs of the testator in compromise of an action to set the will aside.

MORTGAGEABLE INTEREST.—*Devisee.*—Where the alleged will of a testator is in fact an invalid instrument, the entire estate in his lands, legal and equitable, descends to his heirs, and the devisee has no mortgageable interest in the lands which the will purports to devise to him.

From the Montgomery Circuit Court.

*T. H. Ristine*, *P. S. Kennedy* and *W. T. Brush*, for appellant.

*G. D. Hurley* and *B. Crane*, for appellee.

NIBLACK, J.—Suit by Jonas A. Jones against Jacob Rhoads. The complaint alleged that, in 1875, one Isaac Castor died in Montgomery county, leaving a large number

of children and grandchildren, and seized of certain tracts of land in that county; that the said Isaac Castor left also a pretended last will and testament, by which said tracts of land were devised to one Daniel Rhoads; that, soon after the death of said Isaac Castor, Nancy J. Jones and others of his children and grandchildren instituted a suit in the Montgomery Circuit Court, to set aside said pretended will, upon the alleged grounds that the execution of the same had been procured by undue influence of the said Daniel Rhoads, and that the said Isaac Castor was not of sound mind at the time he executed the same; that, while said suit was pending in said court, the parties thereto entered into a written contract of compromise, by which the heirs at law of the said Isaac Castor, who had instituted such suit, and who were all of his heirs surviving him, except the wife of the said Daniel Rhoads, were to make quitclaim deeds, releasing all their interests in said lands to the said Daniel Rhoads, upon his executing his notes to them for the sum of five thousand dollars, for their said interests so to be released, the said sum being the full value of such lands, aside from the interest therein of the wife of said Rhoads, which notes were to be secured by a mortgage on said lands; that it was a part of said agreement of compromise that when said notes and mortgage should be duly executed, the court should enter a decree establishing the validity of said last will and testament; that all the terms and conditions of said agreement of compromise were carried into effect by the execution of said notes and mortgage by the said Daniel Rhoads, his wife joining in the mortgage, and the entry of a decree duly establishing said last will and testament; that the notes and mortgage were all executed to the plaintiff, as trustee for all the plaintiffs in the suit to set aside the will; that, when said notes matured, the plaintiff foreclosed said mortgage and caused the mortgaged lands to be sold at sheriff's sale, to satisfy the judgment of foreclosure; that he pur-

chased said lands at such sheriff's sale, and that he then held a sheriff's deed for the same; that, at the time said notes and mortgage were executed, there were two judgments against the said Daniel Rhoads, in the said Montgomery Circuit Court, one in favor of John M. Patton for $650.00, and the other in favor of the First National Bank of Crawfordsville for $177.00, both of which judgments were unpaid and had been stayed by Jacob Rhoads, the defendant; that, after the plaintiff had foreclosed said mortgage, and after he had so purchased the mortgaged lands at sheriff's sale, the said Jacob Rhoads, as the replevin bail thereon, paid and satisfied the said judgment in favor of the said John M. Patton, and thereupon, without any order of court and without any proceedings whatever in court, caused the clerk of the Montgomery Circuit Court to issue an execution on said judgment and caused the same to be levied on said mortgaged lands, and said lands to be sold on said execution; that the said Jacob Rhoads purchased said lands at the sale upon such execution, and now holds the sheriff's certificate of purchase, which will entitle him to a sheriff's deed to such lands at the expiration of one year from the date of said sale, which year will elapse on the 11th day of September, 1881; that the said Jacob Rhoads is claiming, that when he shall obtain a sheriff's deed, in pursuance of his said certificate of purchase, he will have a good title to the said mortgaged lands as against this plaintiff; that, at the time the plaintiff filed his complaint to foreclose the mortgage executed by the said Daniel Rhoads and wife, he made the said John M. Patton a party defendant to answer the allegation that his said judgment was junior to said mortgage; that said Patton made default in said action, whereupon the court decreed his judgment to be junior to the mortgage. Wherefore the plaintiff demanded that the court should order and decree that the said Jacob Rhoads has no interest whatever in and to said mortgaged lands by

virtue of his said purchase at sheriff's sale; that said sale to him was and is void; that the cloud on the title of the plaintiff to said lands caused by the said sale to the said Jacob Rhoads be removed; and that it shall be further ordered and decreed that, if the said Jacob Rhoads has any interest in said lands, it is only the right to redeem the same from their said sale to the plaintiff. General relief was also demanded.

The defendant demurred to the complaint for want of sufficient facts, and his demurrer was sustained. The plaintiff refusing to plead further, final judgment upon demurrer was rendered against him. In this condition of the record, we have only to inquire whether or not the complaint was sufficient.

The appellant argues that the agreement of compromise between Nancy J. Jones and others, of the one part, and Daniel Rhoads, of the other, referred to in the complaint, impliedly admitted that the pretended will of Isaac Castor was invalid, because, by that agreement, the said Rhoads agreed to pay the full value of the lands in controversy, from which it must be inferred, that he did not rely upon his title under the will, and that, as a result of the invalidity of that instrument, Daniel Rhoads took only the naked legal title to the lands which he claimed under it, the equitable interest in such lands descending to the heirs at law of the said Isaac Castor; that, in that condition of the title, the equitable interest of such heirs constituted a lien upon the lands superior to the lien created by Patton's judgment, by reason of which the judgment lien was postponed in favor of, and became subordinate to, the lien created by the mortgage.

It is a well settled rule of law, that a previously acquired equitable interest in a particular tract of land has priority over the general lien resulting from a judgment against the holder of the legal title. *The Monticello Hydraulic Co.* v. *Loughry*, 72 Ind. 562; *Armstrong* v. *Fearnaw*, 67 Ind. 429; *Wharton* v. *Wilson*, 60 Ind. 591; *Glidewell* v. *Spaugh*, 26

Ind. 319. But that doctrine evidently has no application to the case now before us.

If the alleged will of Isaac Castor was in fact an invalid instrument, then the entire estate in his lands, both legal and equitable, descended to his heirs at law, and not to his devisee, and the will was, at most, but a cloud on their title. In that view of the case, Daniel Rhoads had no mortgageable interest in the lands which the will purported to devise to him.

We do not, however, construe the agreement of compromise as in any manner admitting the invalidity of the will. On the contrary, we feel constrained to give that agreement a very different construction. The stipulation that the court should enter a decree establishing the will plainly operated as an admission, that the will was a valid instrument, and binding upon the parties to the compromise. The mere fact that Daniel Rhoads may have paid all the lands were worth to obtain such an admission did not impair the force or effect of the admission after it was made.

By the consent of the parties contesting it, the will was adjudged to have been duly established, and with that adjudication remaining in force, those parties are now precluded from reasserting the invalidity of the will in the collateral way attempted in this case. Jacob Rhoads, not being a party to the proceedings for the foreclosure of the mortgage, was not bound by so much of the decree of foreclosure as declared the lien of the Patton judgment junior to the lien created by the mortgage, and his remedial rights as a party to the Patton judgment were in no manner abridged by the foreclosure proceedings.

The appellant further argues that the sheriff's sale to Jacob Rhoads ought to be set aside, because the execution upon which it was made was issued improvidently; that is to say, without an order of court, authorizing it, being first obtained. Where a controversy as to the facts upon which the right of a replevin bail to execution rests is likely to

arise, there is a manifest propriety in obtaining an order for execution before proceeding to enforce the judgment he has replevied, for his own use; but we know of no statutory provision which can be construed to require that such an order shall be first obtained. When a judgment has been paid by the replevin bail it remains in force for his benefit and may be prosecuted, that is, proceeded upon, to execution for his use. 2 R. S. 1876, p. 279, sec. 676. In such a case the statute continues the judgment in force so as to enable the replevin bail to have execution upon it as in other cases.

Our inference from the facts averred is that the lien of the Patton judgment, so far as it inured to the benefit of Jacob Rhoads, had priority over the appellant's lien acquired by the mortgage, and that the complaint did not make out a case entitling the appellant to any relief against the appellee.

The judgment is affirmed, with costs.