## McAlpine and others *v.* Hedges and others.

*(Circuit Court, D. Indiana.* September 6, 1884.)

1. FRAUDULENT CONVEYANCE — STATUTE OF LIMITATIONS — CONCEALMENT OF FRAUD.

The making of a deed to defraud creditors, and keeping it off of the record by all of the persons concerned in and cognizant of the transactions, combined with their purposed silence upon the subject, is such a concealment as will prevent the statute of limitations from running until there has been a discovery of the fraud.

2. SAME — RECORD TITLE — LIEN OF JUDGMENT — CLAIM OF TITLE THROUGH UNRECORDED DEEDS — PURCHASER'S IGNORANCE OF UNRECORDED DEED.

One who takes title to land apparently perfect of record, and which seems of record to be, as in fact at law it is, subject to the lien of a judgment, cannot afterwards, upon learning that fraudulent unrecorded deeds had been made, be allowed to claim title through them, in order to defeat the lien of the judgment when at the time of his purchase he had no knowledge of the existence of the deeds, and supposed that he was getting the title as it appeared of record.

Chancery. On plea and demurrer to bill.

*McDonald, Butler & Mason,* for plaintiffs.

*Baker, Hord & Hendricks,* for respondents.

WOODS, J. The bill shows the recovery by the complainants of a judgment against John W. Hedges, and that shortly before the date of the judgment Hedges, for the purpose of defrauding the complainants, secretly conveyed certain real estate of which he was owner to another, who, in aid of the fraudulent design, conveyed the same to said Hedges and his wife, in whom the title in part remains, and that for the same fraudulent purpose the parties thereto had kept these deeds off the record and concealed the fact of their execution. To this bill the respondents Hedges and wife have interposed a plea of the statute of limitations, wherein it is alleged simply that the cause of action did not accrue within six years before the commencement of the suit. Is it a good plea?

If the action were at law, or governed by the Indiana Code, the averments of the bill in respect to the concealment of the alleged fraud should probably be regarded as an attempt to anticipate the defense, and consequently rejected or disregarded as immaterial upon consideration of the plea; or, if this be not so, the plea should, perhaps, be construed as meaning that the alleged concealment had occurred and ended six years or more before the bringing of the action. But, the case being in equity, the allegations of the bill in respect to the secret nature and concealment of the fraud I suppose must be regarded as relevant and proper, and, since not specifically denied by the plea, must be taken as confessed, and the plea construed as meaning that the fraud in its origin only—that is, the making of the deeds—occurred outside the statutory limit. So regarded, the plea, in my judgment, is not good. It is claimed that the bill shows no affirmative act of concealment after the execution of the deeds; and in some of the decided cases expressions have been used to the effect

that affirmative subsequent acts of concealment are necessary to stop the running of the statute; but, when considered with reference to the facts upon which these decisions were made, they do not go to the full extent claimed for them.   When a fraud is of a secret nature, and in the particular case has been conceived and executed upon such a plan as to secure continued secrecy, without further acts of concealment except silence, the statute ought not to run until there has been a discovery.   In such a case it may well be said to have been a continuous concealment.   The making of a fraudulent deed, and the keeping of it off the record by all the persons concerned in and cognizant of the transaction, combined with their purposed silence upon the subject, it certainly will not do to say is not a concealment, for which relief may be granted.   See *Meader* v. *Norton*, 11 Wall. 442; *Carr* v. *Hilton*, 1 Curt. C. C. 238; *Vane* v. *Vane*, L. R. 8 Ch. 383; *Rolfe* v. *Gregory*, 4 De G., J. & S. 576; *Hovenden* v. *Annesley*, 2 Schoales & L. 634; *Buckner* v. *Calcote*, 28 Miss. 568. Cited to the contrary: *Wynne* v. *Cornelison*, 52 Ind. 319; *Jackson* v. *Buchanan*, 59 Ind. 390; *Musselman* v. *Kent*, 33 Ind. 458; *Pilcher* v. *Flinn*, 30 Ind. 202; *Boyd* v. *Boyd*, 27 Ind. 429.

In respect to the question raised by the defendants Gerard, who have demurred to the bill, the proper conclusion may be less clear. As already stated, the bill shows that, as against the Hedges and their grantee in the alleged fraudulent deed, the judgment recovered by the complainants became, under the Indiana statutes concerning fraudulent conveyances, a valid lien upon the land in dispute.   See *In re Lowe*, 19 FED. REP. 589.   The charges of the bill against the Gerards are to the effect that after the rendition of the judgment, and while it remained of record an actual as well as apparent lien upon the land, Hedges and wife conveyed a described part of the real estate in question to one Garrison, "who took the same subject to the lien of complainant's judgment,   *   *   *   having no knowledge of said unrecorded deeds, but fully believing said real estate to be the property of said John W. Hedges, as in fact it was," and afterwards conveyed the same part to the Gerards, "who took the same subject to said judgment, they having no knowledge of said unrecorded deeds, and supposing that they derived title only through John W. Hedges as owner, and not through him and his wife as tenants by entireties." Counsel for respondents say:

"We insist in this connection on the two following propositions:   (1) That judgment liens are not within the protecting policy of our recording acts. (2) That the question of the ability of John W. Hedges and wife to convey to the Garrisons a good title, depends, not on the knowledge of the Garrisons of the existence or non-existence of all or any of the deeds in Hedges' chain of title, but it depended on the simple existence of those deeds, and the want of notice of the alleged fraudulent character of those deeds.

"The recording act of the state (Rev. St. 1881, § 2931) provides 'that every conveyance, mortgage, etc., shall be recorded in the county where the lands lie,' and if not so recorded within the time prescribed in that section, 'shall

be fraudulent and void as against any subsequent purchaser, lessee, or mortgagee, in good faith, for a valuable consideration.' A judicial decision was hardly necessary to establish the proposition that a judgment creditor is neither a purchaser, lessee, or mortgagee; but, nevertheless, the supreme court has decided that proposition to the fullest extent. *Sparks* v. *State Bank*, 7 Blackf. 469; *Doe* v. *Hurd*, Id. 510; *Runyan* v. *McClellan*, 24 Ind. 165. Even a previously acquired equitable interest in lands has priority over the general lien resulting from a judgment against the holder of the legal title. *Jones* v. *Rhoads*, 74 Ind. 510; *Monticello, etc., Co.* v. *Loughry*, 72 Ind. 562. In *Wiseman* v. *Hutchinson*, 20 Ind. 40, upon the question whether parties who claimed through an unrecorded deed were bound by recitals in the deed, it was held that the claimant was so bound. The court said: 'The registry law has no application to the case. The defendant Remlinger was bound to notice the recitals in the deed from Simpson to Wiseman, not because the deed was recorded, but because she claimed through it. · That deed constitutes a part of her chain of title, and she was bound to know its contents and recitals whether it was recorded or otherwise.' In the case at bar * * * the Garrisons and Gerards would have been bound by any recitals in these (unrecorded) deeds whether they had ever learned the contents of the deeds or not. * * * If this is true, the same parties must be entitled to the benefits of the same deeds, just as if they had been recorded in time."

It may be remarked, though it is perhaps not material to the discussion, that the doctrine that the general lien of a judgment upon land is subject to any and all adverse equities or claims, whether secret and unknown, or recorded and known, does not prevail in Indiana against an assignee of a judgment who pays value and takes the assignment in good faith. *Flanders* v. *O'Brien*, 46 Ind. 284; *Huffman* v. *Copeland*, 86 Ind. 224, and cases cited. The complainants, however, sue, not as assignees, but as judgment plaintiffs, and are therefore subject to the general doctrine, so far as it is pertinent to the question presented; but in my judgment it has little or no application. The policy of the recording acts is not involved or material to be considered, except incidentally, because the deeds in controversy are not assailed for want of registration, but for alleged fraud in their execution. The attack is not made under the recording act quoted from in argument, but under another section, (Rev. St. 1881, § 4920,) which declares that all conveyances of lands made with intent to defraud creditors "shall be void as to the persons sought to be defrauded;" and only as it may affect the rights of parties under this act can it be material to consider the law concerning the registration of deeds.

The question presented, therefore, is whether or not, under the facts alleged in the bill, the respondents who demur can claim title under unrecorded deeds, of which they had no knowledge when they purchased, to the injury of the plaintiffs, as against whom the deeds were in fact fraudulent and void, or voidable. As against a prior mortgage or deed honestly made to a good-faith purchaser, the general lien of a judgment must unquestionably yield; but this by no means supports the proposition involved in the facts presented, that one may take a title apparently perfect of record, and which seems

of record to be, as in fact by law it is, subject to the lien of a judgment, and afterwards, upon learning that fraudulent deeds had been made, be allowed to claim title through them in order to defeat the lien of the judgment, though at the time of his purchase he had no knowledge of the existence of the deeds, and supposed he was getting the title as it appeared of record. It is true that the owner of land, or one asserting title, is bound by the contents and recitals of all deeds in the chain of title which he claims. But it is not true, as I suppose, and has never been decided, that a purchaser is bound by the contents of unrecorded and unknown deeds which were not essential to the chain of title as it appeared of record, or as otherwise made known to him. It often happens, as may well be supposed, honestly as well as for fraudulent purposes, that titles after various mesne conveyances return to some prior owner, and if the conveyances which constitute such a loop in the chain of title should, for any reason, have been left off the record, it would be a startling proposition indeed that all subsequent grantees must take notice of their contents. Under such a doctrine, if not positively dangerous the registry laws would certainly be made comparatively useless.

It is not true, therefore, that if the deeds in question had contained recitals to their prejudice, the Garrisons and Gerards would have been bound thereby, unless, indeed, when they learned of their existence, they had chosen to claim under them. If not inconsistent with the rights of others, they might, doubtless, have had such an election; but upon the facts stated in this bill it would be unjust to permit its exercise. As against the plaintiffs the deeds were void, and their judgment constituted, under the Indiana statutes, an actual lien upon the premises, (Rev. St. 1881, §§ 608, 752; *In re Lowe, supra;*) and as that lien was apparent of record when the demurring defendants and their immediate grantors purchased, I perceive no just or equitable ground upon which they can be permitted to contest it. They may have paid full price for the land in actual ignorance of the judgment; the bill is silent in respect to this fact; but as the judgment was of record in the county, and, as the title stood, was apparently as well as in fact a lien, they were bound to take notice of it, and ought not now to escape the conclusion by claiming under deeds, upon the faith or knowledge of which they had never acted, and which, if adverse to them, they might have disavowed and rejected, because unrecorded and unknown to them. They say that they are innocent purchasers under these deeds, because they bought in ignorance of the fraudulent purpose for which they were made. It is a sufficient answer that in fact they did not purchase under these deeds, are not bound by them unless they choose to be, and, as against the plaintiffs, they ought not to exercise this choice. If there are equities in the respective claims of the parties, to say the least they are equal; while the legal position of the complainants, as it seems to me, is distinctly the stronger. The plea and demurrer, therefore, are each overruled.