Shirk *et al. v.* Thomas *et al.*

Filed Nov. 22, 1889.

No. 13,814.

SHIRK ET AL. *v.* THOMAS ET AL.

DEED.—*Judgment Creditor.— Unrecorded Deed.—Equities.*—Where a writ of attachment was issued against A. on October 28th, 1884, and judgment rendered in the plaintiff's favor on January 8th, 1885, and on July 31st, 1886, in pursuance of an order of sale made on July 7th, 1886, a piece of land was sold to the judgment plaintiff to satisfy said judgment, the purchaser at such sale did not acquire any title as against one in possession claiming under a deed for said land, executed by A. on August 1st, 1884, to B., who paid a valuable consideration for the land, and purchased it in good faith, but who did not record his deed until May of the following year.

SAME.—*Sheriff's Sale.— When Title Passes.*—The purchaser at the sheriff's sale did not obtain title to the land by the sale, for title does not pass until the year for redemption expires and a deed is executed by the sheriff. If it were conceded that he acquired title at the time of the sale, it would not aid him, for at that time the deed was of record, and he was bound to take notice of it.

SAME.—*Registry Law.—Pre-Existing Debt.—Holder of Claim for.—Bona fide Purchaser.*—A creditor holding a claim for a pre-existing debt, is not a bona fide purchaser within the meaning of our registry law. No lien

has been released, nor any money advanced by the creditor on the faith that his debtor continued to be the owner of the land. It is only those who stand in that position that our registry law protects against unrecorded deeds.

SAME.—*Registration of Deed.—Effect of.*—The registration of a deed adds nothing to its effectiveness as a conveyance; all that it accomplishes is to impart notice.

JUDGMENT.—*Lien of.*—The lien of a judgment or attachment does not extend beyond the interest of the debtor in the land. It does not displace prior equities or rights.

SAME.—*Judgment Creditor.—Purchaser at Sheriff's Sale.— What He Acquires.* —A judgment creditor who buys at his own sale, acquires only the interest which the judgment debtor had in the property at the time the judgment was entered.

From the Marshall Circuit Court.

*L. M. Lauer,* for appellants.

*M. A. Packard, O. M. Packard* and *C. P. Drummond,* for appellees.

ELLIOTT, C. J.—The facts pleaded by the appellants as their cause of action, shortly stated, are these: The ancestor of the appellants acquired title to the land in controversy by warranty deed from James H. Tyner, executed on the 6th day of December, 1884, and recorded on the 18th day of February, 1885, and James H. Tyner acquired title from Albert H. Tyner, then the owner of the land, by a warranty deed, executed on the 1st day of August, 1884, but not recorded until May of the following year. On the 28th day of October, 1884, William S. Thomas caused a writ of attachment to issue against Albert H. Tyner, alleging as a cause for the issuing of the writ that he was not a resident of this State. On the 8th day of January, 1885, judgment was rendered in favor of Thomas in the attachment proceedings, but neither the appellants nor their ancestor's grantor were parties to the proceedings, nor did they have any notice of them. On the 7th day of July, 1886, an order of sale was issued, and on the 31st day of the same month, the land was sold under the order to Thomas. James H. Tyner

paid a valuable consideration for the land, and purchased it in good faith. The appellants went into possession under their deed and were in possession at the time of the sale.

The deed executed by Albert H. Tyner to James H. Tyner, on the 1st day of August, 1884, was effectual to vest title in the grantee without recording. The registry of a deed adds nothing to its effectiveness as a conveyance; all that it accomplishes is to impart notice. *Way* v. *Lyon*, 3 Blackf. 76 (79). The law upon this subject is thus stated in *Kirkpatrick* v. *Caldwell*, 32 Ind. 299 : " It is only subsequent purchasers and encumbrancers in good faith and for value who are protected against an unrecorded mortgage. As against all the world besides, the registry imparts no virtue or force whatever to the instrument. As against the mortgagor and the estate while it remains in his hands, the lien is as perfect without registry as it is with it. It is so, also, against his general creditors while he lives, and after his death."

The appellee Thomas did not obtain title to the land by the sale, for title does not pass until the year for redemption expires and a deed is executed by the sheriff. *Felton* v. *Smith*, 84 Ind. 485 ; *Brown* v. *Cody*, 115 Ind. 484 (486) ; *Bodine* v. *Moore*, 18 N. Y. 347. But if it were conceded that he acquired title at the time of the sale it would not aid him, for, at that time, the deed from Albert H. Tyner to James H. Tyner was of record, and the appellee was bound to take notice of it. *Brower* v. *Witmeyer*, *ante*, p. 83, and cases cited.

Thomas did not have at any time before this action was begun anything more than a statutory lien. His rights are such, and such only, as the lien created by statute gives him. He has no title to the land, but only such a right as the statute creates ; the extent and effect of that right is measured and limited by the statute. *Gimbel* v. *Stolte*, 59 Ind. 446 ; *Houston* v. *Houston*, 67 Ind. 276 ; *Duke* v. *Beeson*, 79 Ind. 24 ; *Davis* v. *Rupe*, 114 Ind. 588 (595) ; *Hervey* v. *Krost*,

116 Ind. 268 (273) ; *Watson* v. *New York, etc., R. R. Co.,* 47 N. Y. 157.

The lien of a judgment or attachment does not extend beyond the interest of the debtor in the land. It does not displace prior equities or rights. In strictness, neither a judgment nor an attachment is a lien upon land ; both are simply charges against land existing by virtue of statute. " 'Lien upon a judgment,' " said an eminent English judge, " is a vague and inaccurate expression." *Brundson* v. *Allard,* 2 E. & E. 17 ; *Peck* v. *Janess,* 7 How. 611 ; *Waller* v. *Best,* 3 How. 111 ; *Dames* v. *Fales,* 5 N. H. 70. In speaking of an attachment, Judge STORY said, in *Foster, Ex parte,* 2 Story, 131 : " Now, an attachment does not come up to the exact definition or meaning of a lien, either in the general sense of the common law, or in that of the maritime law, or in that of equity jurisprudence." But usage has, perhaps, justified the employment of the term " lien " as denoting a charge upon property created by statute, yet it is not to be supposed that such a charge is equal in dignity or force to that of a mortgage or of a lien created by equity; on the contrary, it is intrinsically nothing more than such a general charge as the statute creates. *Sherwood* v. *City of Lafayette,* 109 Ind. 411 (413) ; *Elston* v. *Castor,* 101 Ind. 426 (440). The source of the appellee's right is the statutory charge, and no claim can be successfully urged by him which rises higher than the source of all the right he has, so that it is quite clear that if his right is founded solely on the lien of the judgment or of the attachment, it is subordinate to that of a purchaser in good faith. This conclusion is inevitable if the line of principle is travelled, and there is no reason sufficient to even constitute an apology for wandering from the true line. Our decisions have, for the most part, kept to the true course. Pursuing this course, it has been often held that a deed or mortgage may be reformed as against a judgment creditor. *White* v. *Wilson,* 6 Blackf. 448 (39 Am. Dec. 437) ; *Sample* v. *Rowe,* 24 Ind. 208 ; *Busenbarke* v. *Ramey,* 53 Ind. 499

(501) ; *Figart* v. *Halderman,* 75 Ind. 564 (568) ; *Boyd* v. *Anderson,* 102 Ind. 217. In .direct point is the reasoning of the court in the case last cited. " It is settled law in this State," said the court, " that judgment creditors are in no sense purchasers ; that their judgments are simply general liens upon whatever interest the judgment defendants may have had in the land."

If the interest which Thomas acquired under the sale made on the judgment obtained by him had been perfected by the execution and delivery of a deed, he could not defeat the appellants. If he had changed position, and parted with value without notice, and on the faith that the title to the land remained in Albert H. Tyner, it would, perhaps, be different ; but he did not change position, he was throughout simply a creditor, endeavoring to enforce collection of an antecedent debt. The law is well established in this State, and so it is generally held elsewhere, that a creditor holding a claim for a pre-existing debt is not a *bona fide* purchaser within the meaning of our registry law. *Brower* v. *Witmeyer, supra ; Petry* v. *Ambrosher,* 100 Ind. 510 (514) ; *Wert* v. *Naylor,* 93 Ind. 431 ; *Busenbarke* v. *Ramey, supra.* No lien was released, nor any money advanced by the creditor on the faith that his debtor continued to be the owner of the land, so that he can not be considered as occupying the position of a *bona fide* purchaser. *Fitzpatrick* v. *Papa,* 89 Ind. 17. It is only those who stand in that position that our registry law protects against unrecorded deeds. *Runyan* v. *McClellan,* 24 Ind. 165. The provision of the statute is that deeds not recorded within forty-five days after their execution " shall be fraudulent and void as against any subsequent purchaser, lessee, or mortgagee in good faith and for a valuable consideration." R. S. 1881, section 2931. Registry is the creature of statute. If there were no statute requiring a registry, all persons would be bound, at their peril, to take notice of a conveyance under which possession was taken, and a deed not recorded is good as against all persons not protected by the

statute. A judgment creditor is not within the provisions of our statute, for he is not a mortgagee nor a lessee, nor is he a purchaser in good faith. Where, as here, the sole foundation of the claimant's right is his own judgment he is not a *bona fide* purchaser, and he can not prevail against a good-faith purchaser holding under an unrecorded deed.

We are aware that in some of the decisions of this court there was a departure from the true rule, and that it was declared in those cases that a judgment creditor who purchases at his own sale is a *bona fide* purchaser. *Rooker* v. *Rooker*, 75 Ind. 571 ; *Gifford* v. *Bennett*, 75 Ind. 528 ; *Vitito* v. *Hamilton*, 86 Ind. 137.

These decisions can not be sustained, for they are opposed to principle and to our earlier decisions, and they are denied by all of our later cases. They have, indeed, been overruled and must be regarded as without force. They are opposed in principle by the early case of *White* v. *Wilson, supra,* and they are in direct and irreconcilable conflict with the well-reasoned case of *Glidewell* v. *Spaugh,* 26 Ind. 319, wherein the court quoted, with approval, Chancellor Walworth's statement of the law in the case of *Keirsted* v. *Avery*, 4 Paige, 9 : " it is now settled," said the chancellor, " that a judgment, being merely a general lien on the land of the debtor, the lien is subject to every equity which existed against the land in the hands of the judgment debtor at the time of the docketing of the judgment. And the court of chancery will protect the equitable rights of third persons against the legal lien, and will limit that lien to the actual interest which the judgment debtor has in the estate." *Glidewell* v. *Spaugh,supra,* has been approved and followed again and again. *Watkins* v. *Jones,* 28 Ind. 12 ; *Troost* v. *Davis,* 31 Ind. 34 ; *Hampson* v. *Fall,* 64 Ind. 382 ; *Monticello, etc., Co.* v. *Loughry,* 72 Ind. 562 ; *Jones* v. *Rhoads,* 74 Ind. 510 (513) ; *Sharpe* v. *Davis,* 76 Ind. 17 ; *Boyd* v. *Anderson, supra* ; *Heberd* v. *Wines,* 105 Ind. 237 ; *Blair* v. *Smith,* 114 Ind. 114. The rule laid down in *Glidewell* v. *Spaugh, supra,* has been adopted and

enforced in many other cases.    *Miller* v. *Noble,* 86 Ind. 527 ;
*Hays* v. *Reger,* 102 Ind. 524 ; *Foltz* v. *Wert,* 103 Ind. 404 ;
*Wright* v. *Tichenor,* 104 Ind. 185 ; *Wright* v. *Jones,* 105 Ind.
17 ; *Taylor* v. *Duesterberg,* 109 Ind. 165.

In *Taylor* v. *Duesterberg, supra,* the court, in speaking of
judgment creditors, said : "Their right is to be confined to the
actual interest which their debtor had in the property."    It
was said by the court in *Foltz* v. *Wert, supra,* that : " Courts
of chancery will so control the legal lien of the judgment as
to restrict it to the actual interest of the judgment debtor in
the property," and in support of this doctrine the cases of
*Armstrong* v. *Fearnaw,* 67 Ind. 429, *Wharton* v. *Wilson,* 60
Ind. 591, *Huffman* v. *Copeland,* 86 Ind. 224, *Jones* v. *Rhoads,*
*supra,* and other cases were cited.    Still stronger is the
statement in *Heberd* v. *Wines, supra,* for it was there said :
" It is settled in this State, that judgments are simply gen-
eral liens upon whatever interest the judgment debtor may
have in lands, and no more."

The great weight of authority, evidenced by our own well-
considered cases, as well as by the decisions of other courts
than 'our own, is that a judgment creditor who buys at his
own sale obtains only the interest which the judgment debtor
had in the property at the time the judgment was entered.
*Mansfield* v. *Gregory,* 8 Neb. 432 ; *Galway* v. *Malchow,* 7
Neb. 285 ; *Metz* v. *State Bank,* 7 Neb. 165 ; *Carney* v. *Em-*
*mons,* 9 Wis. 109 ; *O'Neal* v. *Wilson,* 21 Ala. 288 ; *Stevens*
v. *King,* 21 Ala. 429 ; *Rutherford* v. *Green,* 2 Iredell Eq.
121 ; *National Bank, etc.,* v. *King,* 110 Ill. 254 ; *Treptow* v.
*Buse,* 10 Kan. 170 ; *Emerson* v. *Sansome,* 41 Cal. 552 ; *Taylor*
v. *Eckford,* 11 Smede & M. 21.    In *Harrall* v. *Gray,* 10
Neb. 186, the rule was applied against a purchaser at a
sheriff's sale in favor of a party claiming under an un-
recorded deed, and it was said :   " This brings the case quite
within the holding of this court in *Mansfield* v. *Gregory,* 8
Neb. 432.    Under that decision it may be considered set-
tled—if, indeed, the courts of the country had not long since

settled it—that a prior unrecorded deed, made and delivered in good faith for a valuable consideration, so as to pass title in law, will take precedence of an attachment or judgment, provided such first-mentioned deed be recorded before any deed to the premises be recorded, which is based upon such attachment or judgment."

Counsel for the appellees argue the case as if the cross-complaint had not been withdrawn, and in this they are in error, for the record shows that the answers and cross-complaint were withdrawn, and that the demurrers to the complaint were re-argued and sustained. There is, therefore, nothing before us except the ruling upon the demurrers to the complaint, and that ruling was clearly wrong.

The judgment is reversed, with instructions to overrule the demurrers to the complaint, and to proceed in accordance with this opinion.

Filed Nov. 22, 1889.